**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x

In re                                              : Chapter 11
                                                   :
Aman Resorts Group Limited,                        : Case No. 16-10517 (SCC)
                                                   :
                    Debtor.                        :
                                                   :
------------------------------------------------------------ x

### DECLARATION OF GARETH JAMES KEILLOR IN SUPPORT OF MOTION TO (A) STRIKE THE *ANSWER TO INVOLUNTARY PETITION AND CONSENT TO ENTRY OF ORDER FOR RELIEF*, (B) DISMISS THE CHAPTER 11 CASE, AND (C) IMPOSE ATTORNEYS' FEES, COSTS AND OBTAIN SANCTIONS

Gareth James Keillor, being duly sworn, deposes and states:

1. I am a senior associate in the London, UK office of Herbert Smith Freehills LLP, London counsel for Tarek Investments Limited ("Tarek"), the majority (indirect) shareholder of Aman Resorts Group Limited ("ARGL"), the purported and disputed debtor in the above-referenced Chapter 11 case (the "Chapter 11 Case"). I am part of the legal team that has been advising Tarek in legal proceedings which were commenced in the High Court in London (the "London Proceedings") in June 2014 and which were recently settled (as described further below). The dispute in London related to the ownership and control of the Aman Group of companies (including ARGL) and I am therefore familiar with the background to this matter.

2. I am authorized to submit this declaration (the "Declaration") on behalf of ARGL. This Declaration is made in support of ARGL's motion to (a) strike the *Answer to Involuntary Petition and Consent to Entry of Order for Relief*, (b) dismiss the Chapter 11 Case, and (c) impose attorneys' fees, costs, and sanctions (the "Motion").

1

3.  ARGL is a company incorporated and registered in the British Virgin Islands. Carpentaria Management Services Limited ("Carpentaria") was a director of ARGL until March 10, 2016, when it was removed from the board. ARGL is the wholly owned subsidiary of another BVI company, Peak Hotels and Resorts Group Limited ("PHRGL") which is, in turn, owned by two other BVI companies: Tarek is the majority owner (holding approximately 66% of the shares) and the balance of the shares are owned by Peak Hotels and Resorts Limited ("Peak Hotels"). Peak Hotels is majority owned by a family trust of Mr. Omar Amanat. In February 2016, Peak Hotels entered into liquidation in the BVI and KPMG was appointed as liquidator.

4.  ARGL is a BVI company that has its registered office at Nemours Chambers, Road Town, Tortola, British Virgin Islands. I understand from documents filed in the London proceedings that ARGL was incorporated in November 2013 as a vehicle for the acquisition of shares in Silverlink Resorts Limited ("Silverlink"), another BVI company, and the operating company for the Aman business. ARGL's sole business was (until August 2015) to act as a holding vehicle for the shares in Silverlink. In August 2015, the shares in Silverlink were transferred to another company following the completion of a foreclosure process.

5.  I am not aware of ARGL having any employees. I am also not aware of ARGL having any connection with the United States, whether by having business or domicile in the United States, or otherwise. Finally, I am not aware of the address given in the petition for ARGL (423 West Street, New York, NY) as ever having been used as an address or place of business for ARGL. I have not seen this address identified as an address for ARGL in any of the documents filed in the London Proceedings.

The London Proceedings

2

6. In June 2014, Peak Hotels commenced the London Proceedings against Tarek and other parties. In those proceedings Peak Hotels alleged, *inter alia*, that Tarek had breached PHRGL's Shareholder Agreement and also alleged that Tarek and other parties had engaged in a conspiracy to "steal" ARGL's only asset, its shares in Silverlink. Tarek denied the claims and brought its own counterclaim alleging that Peak Hotels (and Mr. Amanat, the individual who stood behind Peak Hotels) had been engaged in a "greenmailing" strategy designed to put pressure on Tarek to buy out Peak Hotels' stake in PHRGL at a premium, or to sell Tarek's stake to Peak Hotels at a discount.

7. The London Proceedings were due to go to trial in April 2016. However, on March 2, 2016, the London Proceedings as between Tarek (and its associates) and Peak Hotels were settled on terms that Peak Hotels' claims were all dismissed and the allegations of breach of fiduciary duty and fraudulent conduct made by Peak Hotels were withdrawn. Peak Hotels also agreed to pay Tarek's legal costs. Other claims in the London Proceedings involving other parties were also settled at the same time.

8. It appears that the filing of the involuntary petition, and presumably the Answer (as defined below), were a direct response to the settlement of claims in the London Proceedings and an attempt by Mr. Amanat and his associates to orchestrate a collateral attack on that settlement.

Filing of the Answer

9. On March 7, 2016, apparently at the direction of Carpentaria, Mr. William R. Baldiga of Brown Rudnick LLP ("Brown Rudnick") purported to act for ARGL by filing an answer consenting to an involuntary Chapter 11 petition (the "Answer"). The Answer was filed based upon the "authorization" granted by the Direction and Authorization of Carpentaria

3

Management Services Limited to ARGL to File Answer and Consent to Involuntary Petition (the "Direction and Authorization"). [Docket No. 4].

10.     The Direction and Authorization is premised only on (i) an *Order*, dated October 15, 2015 (the "October Order") of the Eastern Caribbean Supreme Court in the High Court of Justice, Virgin Islands, Commercial Division (the "V.I. Court") granting Peak Hotels the right to institute and prosecute a Chapter 11 bankruptcy case on behalf of ARGL in this Court, and (ii) an alleged Irrevocable Appointment and Assignment of Interest, dated October 16, 2015, purporting to assign such right to Carpentaria. [Docket No. 4, Ex. 1, Annexes A and B.]

No basis for authority to file the Answer

11.     On December 1, 2015, Peak Hotels agreed to a Consent Order (the "Consent Order") pursuant to which Peak Hotels gave an undertaking that it would not "take any steps to commence or prosecute derivative Chapter 11 proceedings in New York . . ." pending the hearing of an application to set aside the October Order, which was listed for hearing in July 2016. A true and correct copy of the Consent Order is attached hereto as Exhibit A.

12.     On March 4, 2016 (before the filing of the Answer), as part of the settlement referred to above, an order was filed with the V.I. Court setting aside the October Order. Accordingly, the permission that the Answer purportedly relies upon is no longer extant. A true and correct copy of this order is attached hereto as Exhibit B.

13.     Furthermore, even if the October Order had not been set aside, it granted Peak Hotels only a permission to commence Chapter 11 proceedings in New York on behalf of ARGL. It did not grant permission to consent to an involuntary bankruptcy, nor did it create any cause of action that could be assigned.

4

14.  Additionally, the alleged Irrevocable Appointment and Assignment of Interest was signed by a person, Sean L. Sullivan, who does not appear to have been authorized to sign such document on behalf of Peak Hotels. Mr. Sullivan was not a director of Peak Hotels in October 2015: the director at the relevant time was an individual called Ms. Carolyn Turnbull. *See* Register of Directors of Peak Hotels, a true and correct copy of which is attached hereto as Exhibit C. Moreover, in the London Proceedings, Peak Hotels itself stated in December 2015 that *"from October 2014, the person with day-to-day conduct of PHRL's and Carpentaria's affairs was Ms Turnbull."* See Peak Hotels' Response to a Request for Further Information, a true and correct copy of which is attached hereto as Exhibit D. Finally, I understand from KPMG, who is the liquidator of PHRL, that Sean Sullivan was not an authorised signatory of Peak Hotels at the date of the alleged Irrevocable Appointment and Assignment of Interest.

15.  For the reasons stated above, and given the terms of the alleged Irrevocable Appointment and Assignment of Interest, there does not appear to be any effective assignment in any event.

16.  Carpentaria's purported consent to the Involuntary Petition on behalf of ARGL is also proscribed by the terms of PHRGL's Shareholder Agreement, dated January 31, 2014, between Peak Hotels and Tarek. Under this agreement, any proposal to wind up ARGL or any other proceeding seeking liquidation, administration, reorganization, readjustment or other relief under any bankruptcy, insolvency or similar law is a "Shareholder Reserved" matter, therefore requiring approval of both shareholders. There has been no approval of the Answer, or the complaint filed with the Court by Brown Rudnick on March 9, 2016. Nor was there any board meeting called to address these matters. A true and correct copy of PHRGL's Shareholder Agreement is attached hereto as Exhibit E.

5

17. It is unclear how it could be in the interests of ARGL for Carpentaria to consent to the involuntary petition a day after it was filed (and apparently, before it was even served on ARGL). I understand from the current board of ARGL that all the alleged debts are disputed. Moreover, I understand from KPMG that Mr. Zecha, who is one of the alleged creditors, has indicated through his lawyer, Mr. Silverstein, that he is not involved in the Chapter 11 proceedings and has not filed a claim as a creditor of ARGL.

Appointment of Kasowitz, Benson, Torres & Friedman LLP

18. Pursuant to the Minutes of a Telephonic Meeting of the Board of Directors of PHRGL held on March 8, 2016 ("PHRGL Minutes"), Kasowitz, Benson, Torres & Friedman LLP ("Kasowitz") was appointed to represent ARGL in the Chapter 11 Case and any related actions. A true and correct copy of the PHRGL Minutes is attached hereto as Exhibit F.

19. Further, the PHRGL Minutes confirmed that Brown Rudnick has not been and is not appointed as counsel to ARGL, including in connection with the Chapter 11 Case.

20. Based on the foregoing, Kasowitz sent a letter on March 9, 2016 to Brown Rudnick, stating that if the Answer was not withdrawn by March 10, 2016, ARGL would seek sanctions, attorney's fees and costs against Carpentaria and Brown Rudnick pursuant to Bankruptcy Rule 9011. A true and correct copy of Kasowitz's letter is attached hereto as Exhibit G.

21. Kasowitz also sent a letter on March 9, 2016 to Kent Gross, counsel for the petitioning creditors, demanding dismissal of the involuntary petitions. A true and correct copy of Kasowitz's letter is attached hereto as Exhibit H.

22. On March 10, 2016, the board of ARGL resolved to confirm the appointment of Kasowitz, and to instruct Kasowitz to file a motion to dismiss these proceedings on the basis,

6

*inter alia*, that the proceedings are improper and without merit. A true and correct copy of the written resolution of the board of ARGL is attached hereto as <u>Exhibit I</u>.

23.     I understand from Kasowitz that, as of the filing of this Motion, none of Brown Rudnick, Carpentaria or Mr. Gross has withdrawn the Answer, the involuntary petitions or otherwise responded to ARGL's demands.

24.     Except as otherwise indicated herein, I have personal knowledge of the matters and issues set forth herein or have gained knowledge of such matters from my review of the relevant documents, or from information provided to me or verified by ARGL's directors and/or professional advisors. If called upon to testify, I would testify competently to the facts set forth herein.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: 1| March 2016

_____
Gareth Keillor
Herbert Smith Freehills LLP