Sharon L. Levine, Esq.
Wojciech F. Jung, Esq.
**LOWENSTEIN SANDLER LLP**
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
slevine@lowenstein.com
wjung@lowenstein.com

*Counsel for Brown Rudnick LLP*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| AMAN RESORTS GROUP LIMITED | Case No. 16-10517 (SCC) |
| Former Debtor. | |

**BROWN RUDNICK LLP'S OPPOSITION TO**
**AMAN RESORTS GROUP LIMITED'S MOTION TO IMPOSE SANCTIONS**

Brown Rudnick LLP ("Brown Rudnick" or "Firm"), by and through its undersigned counsel, respectfully submits this opposition to Aman Resorts Group Limited's ("ARGL") Motion to Impose Attorneys' Fees, Costs, and Sanctions (the "Motion").

**PRELIMINARY STATEMENT**

1. ARGL seeks sanctions against various parties and their counsel in connection with the involuntary Chapter 11 proceedings that were commenced and subsequently dismissed in this matter. Brown Rudnick's role in these proceedings was short-lived, with the Firm withdrawing within days of the filing of an Answer to the Involuntary Petition and Consent to Entry of Order for Relief (the "Answer"), and the filing of a complaint (the "Complaint") commencing an adversary proceeding under case no. 16-01039 (SCC). Although the reasons for the Firm's withdrawal pursuant to Rule 1.16 of the New York Rules of Professional Conduct are

confidential, Brown Rudnick's involvement in the proceeding was conducted in good faith and the actions it took were for a proper reorganization purpose.

2. Under the circumstances, there are no legal or factual bases to impose sanctions on Brown Rudnick, and the Motion should be denied insofar as it seeks to do so: (1) the motion is procedurally improper under Rule 11; (2) even if procedurally proper (which it is not), Brown Rudnick was discharging its ethical obligations to represent its client and at all times acted in this matter with honesty, candor, and good faith; and (3) sanctions under 11 U.S.C. § 303(i) are inapplicable to Brown Rudnick.

## BACKGROUND

3. On July 31, 2015, Peak Hotels and Resorts Limited ("PHRL"), an ultimate minority shareholder of Aman Resorts Group Limited ("ARGL") engaged Brown Rudnick as its legal counsel to protect the assets of ARGL. (Baldiga Decl. ¶ 2 & Ex. A.)

4. On March 4, 2016, an Involuntary Petition was filed in the above-captioned matter. At the time, Brown Rudnick was aware that a foreclosure of essentially all of ARGL's valuable assets had been conducted while ARGL was insolvent, and for what appeared to be substantially less than their fair value, leaving what was understood were substantial remaining creditors of ARGL to likely be left with nothing. (Baldiga Decl. ¶ 3)

5. On March 7, 2016, PHRL requested the Firm to immediately file an Answer to Involuntary Petition and Consent to Entry of Order for Relief (the "Answer") and a complaint (the "Complaint") commencing an adversary proceeding under case no. 16-01039 (SCC) to challenge the foreclosure. At the instruction of its client, Brown Rudnick filed the Answer and the Complaint on behalf of ARGL, but in an effort to be as transparent as possible, and without disclosing confidential information, the Firm caused to be attached to the Answer all of the

documentation it believed pertinent to a determination as to the right of PHRL to authorize such a filing. Brown Rudnick believed at the time of the filing of the Answer and the Complaint that there was a proper reorganization purpose for a chapter 11 case for ARGL. (Baldiga Decl. ¶ 4.)

6. Almost immediately after filing the Answer, Brown Rudnick learned that several of the petitioning creditors were either recanting their participation as petitioning creditors or were asserting that they never gave their authority for the filing. The Firm then attempted to determine the legitimacy of their participation by contacting the attorney for the petitioning creditors, Kent Gross, but was never provided with appropriate evidence of the knowing and authorized participation of at least one of the petitioning creditors. (Baldiga Decl. ¶ 5.)

7. On March 9, 2016, Brown Rudnick received a letter from Kasowitz, Benson, Torres & Friedman LLP, on behalf of ARGL. The letter demanded that the Answer be withdrawn and threatened sanctions if it was not. (ECF No. 12-7.) Two days later, Brown Rudnick filed a Motion to Withdraw As Counsel, citing Rule 1.16 of the New York Rules of Professional Conduct. (ECF No. 8, 9.) Shortly thereafter, ARGL filed the Motion, which sought to strike the Answer, dismiss the case, and impose sanctions against, *inter alia*, Brown Rudnick. (ECF No. 10.)

8. On March 28, 2016, this Court held a hearing (the "March 28 Hearing") to consider the Motion, along with a motion by petitioning creditors Adriaan Zecha, George Robinson, and Carolyn Turnbull to withdraw their claims from the Involuntary Petition (ECF No. 18), and the motion of Brown Rudnick to withdraw as counsel, which was unopposed. That same day, the Court entered orders granting Brown Rudnick's motion to withdraw (ECF No. 32), granting the motion of Mr. Zecha, Mr. Robinson, and Ms. Turnbull to withdraw their claims

(ECF No. 33), and dismissing the Involuntary Petition with prejudice, retaining jurisdiction with respect to ARGL's motion for an order imposing attorneys' fees, costs, and sanctions. (ECF No. 35.)

## ARGUMENT

**I.   ARGL'S MOTION FOR SANCTIONS UNDER FED. R. BANKR. P. 9011 SHOULD BE DENIED AS TO BROWN RUDNICK LLP.**

**A.   ARGL'S MOTION FOR SANCTIONS UNDER FED. R. BANKR. P. 9011 FAILED TO COMPLY WITH THE SAFE HARBOR PROVISIONS OF FED. R. BANKR. P. 9011(C) AND THEREFORE MUST BE DENIED.**

9.   Pursuant to Federal Rule of Bankruptcy Procedure 9011(c)(1)(A), a motion for sanctions must: (1) "be made separately from other motions or requests" and (2) "may not be filed with or presented to the court unless, within 21 days after service of the motion . . . the challenged paper, claim, defense, contention allegation or denial is not withdrawn or appropriately corrected."[1]

10.   The procedural requirements of Rule 9011(c)(1)(A) are closely tethered to the Rule's overall function. "The primary purpose of Bankruptcy Rule 9011 sanctions is to deter repetition of the offending conduct; its secondary purpose is to compensate any aggrieved parties." *In re Belmonte*, 524 B.R. 17, 31 (Bankr. E.D.N.Y. 2015). Put differently, the purpose of the procedural safeguards in Rule 9011 is "to reduce the number of motions for sanctions and to provide opportunities for parties to avoid sanctions altogether." *In re Obasi*, No. 10-10494, 2011 WL 6336153, at *9 (Bankr. S.D.N.Y. Dec. 19, 2011) (quoting *Perpetual Secs., Inc. v. Tang*, 290 F.3d 132, 141 (2d Cir. 2002)).

---

[1] The second part of the safe harbor, allowing for a withdrawal of the offending document within 21 days, does not apply to a petition filed in violation of Fed. R. Bankr. P. 9011(b), but that limitation is irrelevant as to Brown Rudnick because the only documents that Brown Rudnick filed in this case – other than its own withdrawal papers and a motion to adjourn the March 28 Hearing – were the Answer and the Complaint.

-4-

11. The safe harbor provision of Rule 9011(c) ensures an opportunity to self-correct any potentially violative conduct before the Court is even asked to impose sanctions. Accordingly, when considering a motion for sanctions under Federal Rule of Bankruptcy Procedure 9011, "the Court must examine whether or not the party seeking sanctions . . . complied with the so called 'safe harbor' provision found in subsection (c)(1)(A), which mandates that the party sought to be sanctioned be given a period of 21 days following service of the motion in which to withdraw or appropriately correct the challenged paper." *In re Reserve Cap. Corp.*, 416 B.R. 18, 28 (Bankr. N.D.N.Y. 2009) (citing *Hadges v. Yonkers Racing Corp.*, 48 F.3d 1320, 1327-28 (2d Cir. 1995)).

12. The safe harbor is not an empty formality that can be casually disregarded. Rather, it is a "'strict procedural requirement' imposed on the party seeking sanctions." *In re Spa Chakra, Inc.*, No. 09-17260, 2013 WL 3286241, at *7 (Bankr. S.D.N.Y. June 27, 2013) (quoting *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 175 (2d Cir. 2012)); *see also In re Taub*, 439 B.R. 276, 282 (Bankr. E.D.N.Y. 2010) (noting that "[t]he consequences of failure to comply with the safe harbor provisions are significant" and that such failure precludes the imposition of Rule 11 sanctions).

13. Consistent with the purposes of the safe harbor provision, courts routinely deny sanctions motions where the moving party fails to comply with its procedural prerequisites. *See In re Livecchi*, No. 09-20897, 2014 WL 6655702, at *4 (Bankr. W.D.N.Y. Nov. 20, 2014) (holding that moving party's failure to file separate motion for sanctions or serve motion 21 days prior to filing allows request for sanctions to "be disposed of quickly" in non-moving party's favor); *In re Taub*, 439 B.R. at 283 ("[T]he record does not show that the Debtor served this motion on the Trustee twenty-one days before filing it . . . . For this reason alone, the Debtor's

-5-

request for sanctions under Rule 9011 must be denied."); *In re Hoffman*, 403 B.R. 237, 243 (E.D.N.Y. 2009) (holding that "it would be improper for this Court to award sanctions, even if sanctions were an appropriate remedy," where moving party "failed to file a separate motion seeking sanctions" and "failed to provide the predicate twenty-one day notice"); *see also In re Baumblit*, 251 B.R. 442, 443 (E.D.N.Y. 2000) (finding that Bankruptcy Court abused its discretion by granting motion for sanctions that was not made in a separate motion but "simply incorporated" into an opposition to a motion for summary judgment).

14. Here, ARGL did not serve the Motion on Brown Rudnick 21 days prior to filing it. Instead, ARGL sent a letter to Brown Rudnick on March 9, 2016, in which it demanded that its client withdraw the Answer. The letter did not provide 21 days but instead threatened that "if Carpentaria does not withdraw its Answer *by the close of business tomorrow*, we will seek sanctions, attorney's fees and costs against Carpentaria and your firm pursuant to Bankruptcy Rule 9011." (ECF No. 12-7 (emphasis added).) On March 11, 2016, at 4:48 p.m., Brown Rudnick filed a Motion to Withdraw As Counsel, citing Rule 1.16 of the New York Rules of Professional Conduct. (ECF No. 8, 9.) Notwithstanding this filing, at 5:36 p.m. that same day, ARGL filed its Motion seeking, *inter alia*, Rule 9011 sanctions against Brown Rudnick. (ECF No. 10.) Thus, not only did ARGL fail to abide by Rule 9011(c)'s requirement that Brown Rudnick be served with a copy of the motion 21 days before it is filed, ARGL did not actually serve Brown Rudnick with the Motion until *after* Brown Rudnick took all the independent corrective action that it conceivably could have taken.

15. When a sanctions motion is "filed with the Court and served on the [opposing party] on the same date, the [opposing party is] not given the 21 days safe harbor period required to withdraw his [pleading] prior to the filing of the Sanctions Motion," and such

motion "is procedurally defective and must be denied." *In re Elmasri*, No. 8-05-88238-478, 2010 WL 1544420, at *4 (Bankr. E.D.N.Y. Apr. 19, 2010); *see also In re Spa Chakra, Inc.*, 2013 WL 3286241, at *7 ("Importantly, '[a]n informal warning in the form of a letter without service of a separate Rule 11 motion is not sufficient to trigger the 21-day safe harbor period.'" (quoting *Star Mark Mgmt., Inc.*, 682 F.3d at 175)). That is precisely what happened here, and the Motion must be denied on this procedural basis alone.

### B. EVEN IF PROCEDURALLY PROPER, SANCTIONS SHOULD NOT BE IMPOSED UNDER FED. R. BANKR. P. 9011

16. Even if the Court were to consider sanctions under its inherent Rule 9011 authority, which Brown Rudnick respectfully submits that it should not, sanctions are not warranted here because Brown Rudnick at all times acted in this matter with honesty, candor, and good faith.

17. As relevant here, Rule 9011(b) provides that when presenting a pleading to a court, an attorney "is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the pleading is not "being presented for any improper purpose" and "the allegations and other factual contentions have evidentiary support." Thus, Rule 9011 sanctions are only warranted where "it is ***clear*** that: (1) a reasonable inquiry into the basis for a pleading has not been made; (2) under existing precedents there is no chance of success; and (3) no reasonable argument has been advanced to extend, modify or reverse the law as it stands." *In re Frankel*, 191 B.R. 564, 575 (Bankr. S.D.N.Y. 1995) (emphasis added) (quoting *Cross & Cross Props. v. Everett Allied Co.*, 886 F.2d 497, 504 (2d Cir. 1989)).

18. At the time that Brown Rudnick filed the Answer at the request of its client, it understood there was a proper reorganization purpose for a chapter 11 case for ARGL.

In order to be as transparent as possible, Brown Rudnick attached to the Answer the documents it believed were pertinent to the issue of the authority of its client to cause the filing of the Answer. (Baldiga Decl. ¶ 4.))  Thus, at the time the Firm filed the Answer, it was not "being presented for any improper purpose" and "the allegations and other factual contentions [had] evidentiary support."

19. The fact that the moving party posits its own interpretation of the status of authority of PHRL or any other party other than itself to take action on behalf of ARGL does not affect the Firm's belief that its client had such authority.  To demonstrate its good faith and to make clear the basis of the authority, Brown Rudnick took the unusual step of attaching to the Answer the documentation upon which such authority was based.  Together with the fact that there was a clear reorganization purpose to ARGL being under the protection of a Chapter 11 proceeding before this Court, it cannot be said that the filing of the Answer was for an improper purpose (indeed, just the opposite), or that there was not support for the allegations and factual contentions.  (Baldiga Decl. ¶ 4.)

20. On March 11, 2016, Brown Rudnick filed a motion to withdraw as counsel. (ECF No. 8.)  As explained in the Declaration of William Baldiga that accompanied the motion to withdraw, "[a]fter Brown Rudnick appeared in this case and adversary proceeding on March 7, 2016, information [came] to the attention of the undersigned that Brown Rudnick's continued representation of ARGL in this case and adversary proceeding would be inconsistent with the Rule 1.16 of the New York Rules of Professional Conduct." (ECF No. 9.)

21. As the foregoing demonstrates, Brown Rudnick's actions were appropriate under the circumstances.  The imposition of sanctions is not warranted.

## II. ARGL'S MOTION FOR SANCTIONS UNDER § 303(i) IS INAPPLICABLE TO BROWN RUDNICK BECAUSE IT WAS NOT THE PETITIONER.

22. It is unclear from the Motion whether sanctions are sought against Brown Rudnick under section 303 of the Bankruptcy Code or whether such relief is asserted only against the petitioning creditors. The Bankruptcy Code provides that when an involuntary petition is dismissed "other than on consent of all petitioners and the debtor, and if the debtor does not waive the right to judgment," then the Court may grant judgment for costs and fees "against *the petitioners* and in favor of the debtor," and judgment for proximate and punitive damages "against *any petitioner* that filed the petition in bad faith." 11 U.S.C. § 303(i) (emphases added).

23. The plain language of section 303(i) allows for sanctions to be imposed only against "petitioners," and Brown Rudnick filed the Answer and the Adversary Proceeding in its capacity as putative counsel for ARGL, the debtor. Thus, section 303(i) does not allow for sanctions against Brown Rudnick, which was not a petitioner. *See, e.g.*, *In re McMillan*, 543 B.R. 808, 814 (Bankr. N.D. Tex. 2016) (where parties against whom § 303(i) sanctions were sought were not petitioning creditors, holding that because they "did not sign and file the involuntary petition under penalty of perjury under § 303(b) and they did not join the petition under penalty of perjury under § 303(c) . . . they were not petitioning creditors and cannot be 'petitioners' under the literal language of the statute").

24. Accordingly, sanctions under section 303(i) cannot be imposed against putative counsel for a Debtor and instead are reserved, under the straightforward statutory language, to the petitioners. For this reason, any sanctions imposed under section 303(i) must exclude Brown Rudnick from their scope.

## RESERVATION OF RIGHTS

25. Brown Rudnick expressly reserves all of its rights to assert additional objections to the Motion and/or to amend or supplement this objection at any time prior to or at any hearing to consider the Motion.

## CONCLUSION

26. For the foregoing reasons, Brown Rudnick respectfully submits that ARGL's motion for sanctions should be denied in its entirety as to Brown Rudnick.

May 9, 2016

**LOWENSTEIN SANDLER LLP**.

By: /s/ *Sharon L. Levine*_____
Sharon L. Levine, Esq.
Wojciech F. Jung, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
slevine@lowenstein.com
wjung@lowenstein.com

*Attorneys for Brown Rudnick LLP*