Douglas J. Pick
Eric C. Zabicki
**PICK & ZABICKI LLP**
369 Lexington Avenue, 12th Floor
New York, New York 10017
(212) 695-6000

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                          Chapter 11
AMAN RESORTS GROUP LIMITED,                     Case No. 16-10517 (SCC)

                        Debtor.
-----------------------------------------------------------x

## DECLARATION IN SUPPORT OF MOTION FOR AN ORDER GRANTING PICK & ZABICKI, LLP LEAVE TO WITHDRAW AS COUNSEL TO FONDE INVESTMENT CAPITAL SA

DOUGLAS J. PICK, hereby declares as follows under penalties of perjury:

1. I am a member of the law firm Pick & Zabicki LLP ("P&Z"). I am personally familiar with the facts and circumstances set forth herein. I submit this declaration in support of P&Z's motion (the "Motion") for entry of an Order, pursuant to §105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Local Bankruptcy Rule 2090-1(e), granting P&Z leave to withdraw as counsel of record to Fonde Investment Capital SA ("FIC").

2. Respectfully, cause exists for P&Z to be granted leave to withdraw as counsel to FIC in that, despite its assurances to the contrary, FIC has not paid P&Z for its professional services rendered and expenses on their behalf to date nor do they appear to have the wherewithal to pay P&Z for any such services going forward. Also to date, FIC has not provided P&Z with any documents or response to the Debtor's recent document demands made on FIC.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this case and this Application pursuant to 28 U.S.C. §§157 and 1334. Consideration of this application is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §1409. The statutory predicates for the relief sought herein are §105(a) of the Bankruptcy Code and Local Bankruptcy Rule 2090-1(e).

## BACKGROUND

4. On March 7, 2016, FIC filed an amended involuntary petition with this Court against Aman Resorts Group Limited ("ARGL"). As this Court is aware, FIC asserted that, at a minimum, they are a party in interest with regard to the Debtor and/or its assets in this case.

5. In May 2016, P&Z was consulted concerning its retention as counsel to represent FIC's interests vis-à-vis the Debtor and the dismissed Chapter 11 proceedings. P&Z accepted the proposed engagement and, on May 17, 2015, P&Z filed a notice of appearance as counsel to FIC in this case. FIC signed a retainer letter, but to date, has failed to pay the agreed upon retainer due to "internal corporate issues".

6. FIC recently advised P&Z that, despite prior assurances, it does not have the current financial wherewithal to pay P&Z the agreed upon retainer, its fees and expenses incurred to date nor its anticipated fees and expenses in connection with future work on its behalf. As a result, I advised that P&Z would be immediately withdrawing as counsel and that FIC should make arrangements to retain substitute counsel.

7. The Court has ordered that all parties produce documents no later than June 26, 2016. To date, FIC has not addressed the document production demand with P&Z.

4

## DISCUSSION

8. With regard to a request for leave to withdraw as counsel of record, Local Bankruptcy Rule 2090-1(e) provides, in pertinent part:

> An attorney who has appeared as attorney of record may withdraw or be replaced only by order of the Court for cause shown.

9. It is respectfully submitted that P&Z has demonstrated satisfactory cause to be permitted to withdraw as counsel of record to FIC. FIC has not paid P&Z for its work on its behalf to date and it has advised that it does not currently have the means to pay P&Z for any work going forward. To date, FIC has not provided copies of any documents to P&Z relevant to this case so as to allow P&Z to conduct its due diligence. P&Z simply cannot continue to fulfill its duties and responsibilities as attorneys with regard to this matter under such circumstances. Accordingly, P&Z should be granted leave to withdraw as counsel to FIC as to all future matters related to this proceeding.

10. P&Z respectfully requests that any matters in this case affecting FIC's asserted interests be stayed for thirty (30) days from the entry of an Order granting this Motion so as to afford FIC an opportunity to retain replacement counsel.

## CONCLUSION

11. Based upon the foregoing, it is respectfully requested that this Motion be granted in its entirety and that P&Z be granted such other and further relief as this Court may deem just and proper.

12. I hereby declare, pursuant to 28 U.S.C. §1746 and under penalties of perjury, that the foregoing is true and correct to the best of my knowledge and belief.

Executed on: May 31, 2016

                                                                    DOUGLAS J. PICK