**Hearing Date and Time: September 5, 2017 at 2:00 p.m. (EASTERN TIME)**
**Objection Deadline: August 29, 2017 at 4:00 p.m. (EASTERN TIME)**

SAUL EWING LLP
Sharon L. Levine
Dipesh Patel
One Riverfront Plaza, Suite 1520
Newark, NJ 07102-5426
(973) 286-6700 (Telephone)
slevine@saul.com
dpatel@saul.com

  -and-

555 Fifth Avenue, Suite 1700
New York, NY 10017
Telephone: (212) 980-7200

*Attorneys for Brown Rudnick LLP*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | |
| AMAN RESORTS GROUP LIMITED, | Chapter 11 |
| Debtor. | Case No. 16-10517 (SCC) |

**MOTION FOR APPROVAL OF SETTLEMENT**

TO THE HONORABLE SHELLEY C. CHAPMAN,
UNITED STATES BANKRUPTCY JUDGE:

      Brown Rudnick LLP (the "Movant"), through its undersigned counsel, files this motion

for entry of an order, in substantially the form submitted herewith (the "Settlement Order"),

approving its settlement with Aman Resorts Group Limited ("ARGL" and, collectively with the

Movant, the "Parties"). In support of this Motion, the Movant respectfully represents as follows:

**BACKGROUND AND PROCEDURAL HISTORY**

      1.    ARGL is a luxury hotel group and was the debtor in the above-captioned

bankruptcy proceeding.

2.      On March 4, 2016, the above-captioned Chapter 11 bankruptcy proceeding was initiated by Kent Gross, Esquire who filed an involuntary Chapter 11 petition against ARGL on behalf of original petitioners Amanat, Peak Venture Partners and Carpentaria Management Services, Ltd.  *See* Dkt. No. 1.   On March 7, 2016, an amended involuntary petition was filed against ARGL on behalf of Carolyn Turnbull, George Robinson, Fonde Investment Capital SA and Adrian Zecha.  *See* Dkt. No. 3

3.      On March 7, 2016, the Movant filed an Answer and Consent to the Involuntary Petition as attorneys for ARGL.

4.      On March 9, 2016, this Court entered an Order for Relief under Chapter 11 of the Bankruptcy Code finding that the debtor had consented to the relief requested in the petition. *See* Dkt. No. 6.  On March 11, 2016, the Movant moved to withdraw as counsel to ARGL citing Rule 1.16 of the New York Rules of Professional Conduct.  *See* Dkt. No. 8.  Also on March 11, 2016, ARGL filed a Motion to (A) Strike the Answer to Involuntary Petition and Consent to Entry of Order For Relief, (B) Dismiss the Chapter 11 Case, and (C) Impose Attorneys' Fees, Costs and Sanctions (the "ARGL Motion").  *See* Dkt. No. 10.

5.      On March 28, 2016, the Court held a hearing on the ARGL Motion and informed the parties that it would dismiss the Chapter 11 case and schedule a hearing on ARGL's request for attorneys' fees, costs and sanctions.   On March 29, 2016, the Court entered an order dismissing the Chapter 11 case, and retaining jurisdiction to consider the remaining relief requested in the ARGL Motion.  On the same day, the Court entered an order permitting the Movant to withdraw as counsel to ARGL.

6.      The Parties subsequently engaged in substantial, and at times contested, discovery with respect to the remaining relief sought in the ARGL Motion.

2

7.      On May 20, 2016, the Court entered an order requiring multiple parties, including the Movant, to produce documents in compliance with discovery requests issued by ARGL.  *See* Dkt. No. 53.

8.      On November 17, 2016, ARGL filed a Motion to Compel Discovery (the "Motion to Compel"), seeking an order compelling the Movant to produce documents that the Movant withheld from production on the basis of the attorney-client privilege.  *See* Dkt. No. 71.

9.      On December 8, 2016, the Movant filed its response in opposition to the Motion to Compel, as well as a cross-motion to compel and afford potentially affected parties the right to be heard with respect to the Motion to Compel.  *See* Dkt. No. 76.   The Movant and ARGL filed further responsive pleadings in support of their respective positions on both the Motion to Compel and the Movant's cross-motion.  *See* Dkt. Nos. 77, 79 and 81.

10.     The Court held a hearing with respect to the Motion to Compel and the Movant's cross-motion on February 23, 2017, upon which the Court granted the Motion to compel and denied the Movant's cross-motion, for the reasons set forth on the record.  *See* Dkt. No. 89.  A copy of the transcript of the February 23, 2017 hearing is attached hereto as Exhibit A.

11.     In connection with the foregoing, and after the production of documents and intense arms'-length negotiations, the Parties reached a settlement (the "Settlement") resolving all disputes between the parties including, without limitation, the claims and issues set forth in the ARGL Motion.

12.     Pursuant to the Settlement, in consideration for the settlement, resolutions and releases set forth herein, the Movant has agreed to pay the sum of $322,000 to Kasowitz Benson Torres LLP ("Kasowitz"), on behalf of ARGL, as reimbursement for fees and expenses incurred by ARGL in connection with these proceedings in full settlement of all claims in connection with

these proceedings, the Movant's representation of ARGL and the retainers and other funds received by the Movant from any person in connection therewith (collectively, the "Representation").

13.    Kasowitz represented to the Movant that this sum is less than the total amount of fees and expenses incurred by ARGL in these proceedings. The Movant's agreement to enter into the Settlement is conditioned on, among other things, Court approval of the releases provided in the Settlement Order, including with respect to the various parties who the Movant ensured were served with its motion to afford them an opportunity to be heard.

## JURISDICTION AND VENUE

14.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.

15.    This is a core proceeding pursuant to 28 U.S.C. § 157(b).

16.    Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

17.    By this Motion, the Movant requests entry of the Settlement Order, pursuant to rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), approving the Settlement including the releases set forth therein, and authorizing the Parties to complete the acts contemplated thereby.  As set forth more fully below, the Settlement falls well within the range of reasonableness and is in the best interests of all parties-in-interest.  Accordingly, the Settlement should be approved.

## THE SETTLEMENT

18.    After extensive arms'-length negotiations, the Parties reached a comprehensive, integrated compromise and settlement that resolves all claims and issues between them

4

including, without limitation, the issues set forth in the ARGL Motion. The terms of the

Settlement provide:

a. <u>Cash Consideration</u>. The Movant shall pay the sum of $322,000 (the "Settlement Amount") to Kasowitz, on behalf of ARGL, in full settlement of all claims of ARGL against the Movant.

b. <u>ARGL Motion Resolved as to Movant</u>. Upon entry of the Settlement Order, the ARGL Motion shall be deemed resolved with regard to the relief requested against the Movant.

c. <u>Movant Released</u>. Upon entry of the Settlement Order and payment of the Settlement Amount, Movant, together with its successors and assigns, and its present and former officers, partners, directors, employees, attorneys, financial advisors, agents, servants, principals, insurers, reinsurers, successors and assigns (the "Movant Releasees"), are released and fully discharged from each and every claim, demand, liability, action and cause of action whatsoever, of every kind and nature, whether arising out of contract, tort, statute, common law or otherwise, at law or in equity, including all claims for compensatory, special, liquidated and punitive damages, penalties, costs, expenses and attorneys' fees, return of monies paid, and other types of loss or losses, whether presently known or unknown, fixed or contingent, matured or not yet matured, suspected or unsuspected, arising or alleged to have arisen, which ARGL and any of its direct or indirect creditor or equity holder, or any other party in interest in the above captioned case, and any of their respective successors or assigns, ever had, now has or may have against the Movant Releasees prior to the payment of the Settlement Amount related to or arising in connection with the Representation.

d. <u>ARGL Released</u>. Upon the entry of the Settlement Order and the payment of the Settlement Amount, the Movant releases and fully discharges ARGL, together with its  successors and assigns, and its  present and former officers, partners, directors, employees, attorneys, financial advisors, agents, servants, principals, insurers, reinsurers, successors and assigns, from each and every claim, demand, liability, action and cause of action whatsoever, of every kind and nature, whether arising out of contract, tort, statute, common law or otherwise, at law or in equity, including all claims for compensatory, special, liquidated and punitive damages, penalties, costs, expenses and attorneys' fees, return of monies paid, and other types of loss or losses, whether presently known or unknown, fixed or contingent, matured or not yet matured, suspected or unsuspected, relating to or arising  in connection with the Representation.

e.  <u>No Admissions</u>. The Movant and ARGL desire to avoid the uncertainties and
expense of litigation and to settle and compromise this matter on the terms set
forth below without making any admissions by either of them.

f.  <u>Entire Settlement</u>. This Settlement constitutes the entire agreement of the
Parties and there are no communications or oral understandings to the contrary.

## BASIS FOR RELIEF

19.    The decision to approve a particular compromise lies within the sound discretion

of the bankruptcy court. *See Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994). A settlement

must not "fall below the lowest point in the range of reasonableness." *Vaughn v. Drexel*

*Burnham Lambert Group, Inc. (Drexel Burnham Lambert Group)*, 134 B.R. 499, 505 (Bankr.

S.D.N.Y. 1991); *see also Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir.

1983); *In re Spielfogel*, 211 B.R. 133, 144 (Bankr. E.D.N.Y. 1997).  Discretion may be exercised

by the court "in light of the general public policy favoring settlements." *In re Hibbard Brown &*

*Co., Inc.*, 217 B.R. 41, 46 (Bankr. S.D.N.Y. 1998). A proposed compromise and settlement

implicates the issue of whether it is "fair and equitable, and in the best interest of the estate." *In*

*re Best Products*, 165 B.R. 35, 50 (Bankr. S.D.N.Y. 1994) (internal citations omitted).

20.    The following factors are considered in determining whether a settlement should

be approved: (i) the probability of success in litigation, with due consideration for the uncertainty

in fact and law; (ii) the complexity and likely duration of the litigation and any attendant

expense, inconvenience, and delay; (iii) the proportion of creditors  who do not object to, or who

affirmatively support, the proposed settlement; and (iv) the extent to which the settlement is truly

the product of arm's-length bargaining and not the product of fraud or collusion. *See Protective*

*Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc.*, 390 U.S. at 424; *In re Ashford*

*Hotels, Ltd.*, 226 B.R. 797, 804 (Bankr. S.D.N.Y. 1998); *In re Best Prods. Co.,* 168 B.R. at 50.

21.     While a court must "evaluate … all … factors relevant to a fair and full assessment of the wisdom of the proposed compromise," *Anderson*, 390 U.S. at 424-25, a court need not conduct a "mini-trial" of the merits of the claims being settled, *W.T. Grant Co.*, 699 F.2d at 608, or conduct a full independent investigation. *Drexel Burnham Lambert Group*, 134 B.R. at 496. "[T]he bankruptcy judge does not have to decide the numerous questions of law and fact….The court need only canvass the settlement to determine whether it is within the accepted range of reasonableness." *Nellis*, 165 B.R. at 123 (internal citations omitted).

22.     The court may give weight to the "informed judgments of the … [parties] and their counsel that a compromise is fair and equitable, and consider the competency and experience of counsel who support the compromise." *Drexel Burnham Lambert Group*, 134 B.R. at 505 (internal citations omitted); *see also In re Purofied Down Prods. Corp.*, 150 B.R. 519, 522 (S.D.N.Y. 1993); *accord In re Ashford Hotels Ltd.*, 226 B.R. 797, 802 (Bankr. S.D.N.Y. 1998) ("Significantly, that test does not contemplate that [the court] substitute [its] judgment for the Trustee's, but only that [the court] test his choice for reasonableness . . . .  If the Trustee chooses one of two reasonable choices, [the court] must approve that choice, even if, all things being equal, [the court] would have selected the other").

23.     There is no requirement that "the value of the compromise … be dollar-for- dollar the equivalent of the claim." *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 427 (S.D.N.Y. 1993). While not the settlement at bar, "there is no reason, at least in theory, why a satisfactory settlement could not amount to a hundredth or even a thousandth part of a single percent of the potential recovery." *Id.* at 427-28 (*quoting City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974)).

24.     Here, the Settlement falls well within the range of reasonableness and should be approved.  All of the factors set forth above, to the extent applicable, support approval of the Settlement.  The Settlement resolves a major component of the dispute remaining in this case, as the underlying bankruptcy case has been dismissed and only held open to resolve the ARGL Motion.  The settlement resolves the ARGL Motion with respect to the relief sought against the Movant.

25.     The Parties thoroughly investigated the claims and disputes arising in the context of the ARGL Motion and, in their informed judgment, the Settlement is fair and reasonable.  The Settlement adequately compensates ARGL for the claims asserted in the ARGL Motion, with consideration to the costs, delay and risks attendant to litigation that the Settlement avoids.  The Settlement fully resolves all litigation matters remaining between the Parties.

**A.      The Probability of Success in Litigation**

26.     As to the first and most important factor, the probability of success in litigation is highly uncertain.  The Parties conducted a thorough investigation of the claims set forth in the ARGL Motion, as well as the defenses asserted and/or likely to be asserted by the Movant in connection therewith.   The Parties undertook substantial and costly discovery to conduct this investigation, and concluded that litigation would be difficult and costly and the benefits and certainty of the Settlement far outweigh the costs and risks associated with protracted litigation.

27.     Significantly, the Settlement also takes into account the myriad defenses that the Movant has and/or could assert with respect to the ARGL Motion.  The Movant asserted multiple defenses that could prove a complete bar to recovery by ARGL.   These defenses make the outcome of litigation uncertain and difficult to predict.

**B.** **Litigation would be Expensive, Inconvenient and Delay Resolution of this Case**

28.    As stated above, litigation between the Parties would be highly factual with the facts and circumstances spanning multiple players over a significant period of time.  To establish any basis for relief, ARGL would need to gather and evaluate substantial factual evidence, and depose numerous witnesses with familiarity of the facts at issue.  Establishing such a fact base would be extremely time-consuming, inconvenient and expensive.

29.    In addition, prosecuting the ARGL Motion as to the Movant would cause significant delay to final resolution of this case, which the Court held open solely to resolve the issue of sanctions following dismissal of the Chapter 11 proceeding.  The Settlement addresses and resolves a major component of that litigation, thus paving the way for a faster overall resolution of the case.

**C.** **The Settlement is Not the Product of Fraud of Collusion**

30.    The Settlement was negotiated at arms'-length over a considerable period of time to reach a fair resolution of the disputes between the Parties.  The Parties were each represented by experienced and competent counsel.

31.    The Settlement is not the product of fraud or collusion.  The Parties invested significant resources in evaluating the claims and defenses resolved by the Settlement.  The Settlement is the product of well-informed judgment and satisfies the standards for approval under Bankruptcy Rule 9019.

32.    Accordingly, the Movant respectfully submits that the Settlement is well within the range of reasonableness and should be approved by the Court.

## NO PRIOR REQUEST

33.     No prior request for the relief sought in this Motion has been made to this or any other court.

## NOTICE

34.     The Movant will provide notice of this Motion to: (a) the Office of the United States Trustee; (b) ARGL; (c) all parties requesting notices in this matter pursuant to Bankruptcy Rule 2002; and (d) all parties set forth on the service list attached hereto as Exhibit B.   Given the nature of the relief requested herein, the Movant respectfully submits that such notice is reasonable and sufficient.

**WHEREFORE**, for the reasons set forth herein, the Movant respectfully requests entry of the Settlement Order, in substantially the form submitted herewith, and for such other and further relief as the Court deems warranted.

Dated: August 4, 2017

**SAUL EWING LLP**

/s/_Sharon Levine_____
Sharon L. Levine, Esq.
Dipesh Patel, Esq.
One Riverfront Plaza, Suite 1520
Newark, NJ 07102-5426
(973) 286-6700 (Telephone)
slevine@saul.com
dpatel@saul.com

-and-

555 Fifth Avenue, Suite 1700
New York, NY 10017
(212) 980-7200

*Attorneys for Brown Rudnick LLP*