UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>Aman Resorts Group Limited,<br><br>                     Debtor. | Chapter 11<br><br>Case No. 16-10517 (SCC) |

## ORDER APPROVING SETTLEMENT

Upon consideration of the motion (the "Motion") filed by Brown Rudnick LLP (the "Movant") to approve its settlement with Aman Resorts Group Limited ("ARGL" and collectively with the Movant, the "Parties"), and the Court having found good and sufficient cause for the relief granted herein;

**THE COURT HEREBY FINDS THAT:**

A.    The Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.);

B.    The Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. §157(b);

C.    Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and

D.    Due and proper notice of the Motion to all potentially interested parties has been provided, and it appears that no other or further notice need be provided;

E.    On March 7, 2016, the Movant filed an Answer and Consent to the Involuntary Petition as attorneys for ARGL.

F.    On March 11, 2016, the Movant moved to withdraw as counsel to ARGL citing Rule 1.16 of the New York Rules of Professional Conduct, which motion was granted by this Court's order entered on March 29, 2016.

G. The Movant and ARGL desire to avoid the uncertainties and expense of litigation and to settle and compromise this matter on the terms set forth below without making any admissions by either of them; and

H. Just cause exists for the relief granted herein;

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Motion is granted, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, as set forth herein.

2. The Movant be, and hereby is, authorized and directed to pay Kasowitz Benson Torres LLP ("Kasowitz"), on behalf of ARGL, the sum of $322,000 (the "Settlement Amount") in full settlement of all claims against the Movant in connection with these proceedings including in connection with the Movant's representation of ARGL and the retainers and other funds received by the Movant from any person in connection therewith (collectively, the "Representation")

3. Upon entry of this order, the ARGL Motion (as defined in the Motion), shall be deemed resolved with respect to the relief requested against the Movant as set forth herein.

4. Upon entry of this order and the payment of the Settlement Amount, the Movant releases and fully discharges ARGL, together with its successors and assigns, and its present and former officers, partners, directors, employees, attorneys, financial advisors, agents, servants, principals, insurers, reinsurers, successors and assigns, from each and every claim, demand, liability, action and cause of action whatsoever, of every kind and nature, whether arising out of contract, tort, statute, common law or otherwise, at law or in equity, including all claims for compensatory, special, liquidated and punitive damages, penalties, costs, expenses and attorneys' fees, return of monies paid, and other types of loss or losses, whether presently known or unknown, fixed or contingent, matured or not yet matured, suspected or unsuspected, relating to or arising in connection with the Representation.

5. Upon the entry of this order and the payment of the Settlement Amount, the Movant, together with its successors and assigns, and its present and former officers, partners, directors, employees, attorneys, financial advisors, agents, servants, principals, insurers, reinsurers, successors and assigns (the "Movant Releasees"), are released and fully discharged from each and every claim, demand, liability, action and cause of action whatsoever, of every kind and nature, whether arising out of contract, tort, statute, common law or otherwise, at law or in equity, including all claims for compensatory, special, liquidated and punitive damages, penalties, costs, expenses and attorneys' fees, return of monies paid, and other types of loss or losses, whether presently known or unknown, fixed or contingent, matured or not yet matured, suspected or unsuspected, arising or alleged to have arisen, which ARGL and any of its direct or indirect creditor or equity holder, or any other party in interest in the above captioned case, and any of their respective successors or assigns, ever had, now has or may have against the Movant Releasees prior to the payment of the Settlement Amount related to or arising in connection with the Representation.

6. Paragraphs 10 and 20 of the *Stipulation and Agreed Order Establishing Procedures for the Protection of Confidential Information*, dated June 29, 2016 [Dkt. No. 66] (the "Confidentiality Order") are vacated in their entirety. In the event ARGL or Kasowitz (the "Receiving Party") is served with a request, subpoena, demand, or other legal process that seeks production of the documents produced by the Movant to ARGL and that are subject to the Confidentiality Order (collectively, the "Documents"), or the Receiving Party seeks to disclose any of the Documents in any deposition, mediation, arbitration, court hearing, trial or other proceeding, the Receiving Party shall, as soon as practical before production, give written notice to the Movant, and shall furnish the Movant with a copy of any subpoena or other process or order. Except to the extent required by law, the Receiving Party shall not produce the Documents in response to a request, subpoena, demand, or other legal process until the earlier of:

(i) receipt of prior written consent from the Movant; (ii) in the event the Movant does not object to, seek to quash, or seek a protective order from a subpoena, the return date of the subpoena or other process; or (iii) five business days after a decision on any motion to quash or motion for a protective order, or such shorter period as the Court may direct.  If ARGL seeks to use the Documents in any deposition, mediation, arbitration, court hearing, trial or other proceeding, ARGL may use the Documents by providing notice to Movant and using best efforts to file such Documents under seal, including but not limited to, seeking court approval to file such Documents under seal.  Nothing herein shall prevent a Receiving Party from complying with a court order.

7. The Court shall retain jurisdiction with respect to this order.

Dated: _____, 2017
         New York, New York

                                                    _____
                                                    THE HONORABLE SHELLEY C. CHAPMAN
                                                    UNITED STATES BANKRUPTCY JUDGE